FILED
CLERK, U.S. DISTRICT COURT

FEB - 4 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

SRP 1010-6, LLC,

               Plaintiff,

       v.

RONALD WULFF FARTZZWELD
INVESTMENTS, RONALD WULFF
FARTZZWELD, WILLIAM JOHN
DOWLAND, DEBORAH T. GAGNON,
and DOES 1-50,

               Defendants.

NO. CV 14-238 UA (DUTYx)

**ORDER SUMMARILY REMANDING**

**IMPROPERLY-REMOVED ACTION**

The Court summarily remands this civil action to state court summarily because defendant WILLIAM JOHN DOWLAND ("Defendant") removed it improperly.

On January 10, 2014, Defendant, having been sued in a first amended complaint, filed in California State Court, alleging state causes of action for quiet title, slander to title, cancellation of deeds, conspiracy to commit fraud, and negligence, lodged a Notice Of Removal of that action to this Court and also presented an

application to proceed _in forma pauperis_. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal jurisdiction is presumed absent unless defendant, as the party seeking to invoke the court's jurisdiction, shows that plaintiff has either alleged a federal cause of action, American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916), a state cause of action that turns on a substantial dispositive issue of federal law, Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 9 (1983), or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987). Under 28 U.S.C. § 1332(a), "district courts also have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." See also Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

Defendant's notice of removal asserts federal jurisdiction

2

1    pursuant to 28 U.S.C. § 1446 which sets forth the procedure for the

2    removal of a civil action from a State court and the requirements

3    for removal based upon diversity of citizenship between the

4    parties. However, defendant does not allege that complete

5    diversity of citizenship exists between the parties and does not

6    address, much less satisfy, the requirement that the amount in

7    controversy exceed $75,000.  See 28 U.S.C. § 1332(a).

8

9        Moreover, this action could not have been originally filed in

10   federal court, because the complaint does not competently allege

11   facts supplying either diversity or federal-question jurisdiction.

12   The complaint does not raise any federal legal question. Nor does

13   it appear that federal law is a necessary element of any of

14   plaintiff's claims.   Therefore, the Court lacks subject matter

15   jurisdiction over the instant action and removal of this action is

16   improper.  See 28 U.S.C. § 1441(a); Exxon Mobil Corp v. Allapattah

17   Svcs., Inc., 545 U.S. 546, 563 (2005).

18

19       Defendant is further notified and warned that any subsequent

20   attempts to remove the underlying state unlawful detainer action to

21   this Court will be improper and will constitute vexatious conduct

22   that the Court will address by way of punitive remedial measures,

23   which may include having defendant designated as a vexatious

24   litigant and barred from commencing any further removal actions

25   with respect to the underlying state unlawful detainer action.

26

27

28                                    3

1    Accordingly, IT IS ORDERED that (1) this matter be REMANDED to

2  the Superior Court of California, County Of Los Angeles, 9425

3  Penfield Avenue, Chatsworth, California 91311, for lack of subject

4  matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) that the

5  Clerk send a certified copy of this Order to the state court; and

6  (3) that the Clerk serve copies of this Order on the parties.

7

8    IT IS SO ORDERED.

9  DATED: 1/30/14

10 _____

11  GEORGE H. KING
    CHIEF UNITED STATES DISTRICT JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                              4